## O'Malley v. Desmond, Inc.

*Harry D. Sporkin*, for plaintiff.
*Michael J. Byrne, Jr.*, for defendant.

HAGAN, J., November 14, 1973.—This matter has been assigned to the undersigned by the motion court judge for disposition of defendant's preliminary objections to plaintiff's complaint in equity.

On June 15, 1973, plaintiff, an alleged shareholder, officer and director of defendant corporation which,

according to the complaint is a Pennsylvania business corporation, filed a complaint in equity against the said corporation in which plaintiff seeks the appointment of a receiver to "conserve and administer defendant's property and assets, and continue the operation and management of its business."

In his complaint, plaintiff alleges various acts of defendant and its officers and directors, other than plaintiff, including, inter alia, failure to take appropriate steps to protect an alleged claim against another corporation which is undergoing a chapter XI proceeding; unauthorized withdrawals of corporate funds; destruction of business records; improper conduct at shareholders' meetings and "waste."

Defendant subsequently filed preliminary objections to the complaint based on (a) improper venue and jurisdiction; (b) the existence of an adequate remedy at law; (c) improper joinder of contractual and non-contractual causes; (d) failure to follow a statutory remedy provided under the Pennsylvania Business Corporation Law for the protection of the rights of a dissenting shareholder; (e) inclusion in the complaint of "impertinent matter"; (f) inadequate specificity in the allegations of the complaint; and, finally, (g) a demurrer.

It appears that, by agreement of counsel, the venue and jurisdictional objections have been withdrawn.

Under the Act of May 5, 1933, P. L. 364, art. V, sec. 513.1, as amended, 15 PS §1513.1, "[t]he court of common pleas of the county in which the registered office of a business corporation is located may, upon application of any shareholder, appoint one or more persons to be custodians of and for any business corporation [to continue its business] when it is made to appear: [in pertinent part,]

"That any of the conditions specified in subsection A of section 1107 of this act, exists with respect to the corporation."

Among the "conditions" specified in the said subsection A of section 1107 of the act, 15 PS §2107, are "illegal, oppressive or fraudulent" acts of directors or those "in control of the corporation," or that corporate assets are being "misapplied or wasted."

Although the complaint in this case improperly designates the court-appointed officer which it seeks as a "Receiver," which is the appropriate appellation for one appointed to liquidate or dissolve a corporation, it is apparent from a reading of the complaint in this case in its entirety that plaintiff actually seeks appointment of a "custodian" under section 513.1 who will conduct the business, and the court will so regard the complaint.

That being the case, it appears that if plaintiff's allegations of improper payments to officers, destruction of records, failure to protect assets and the like can be proven, a trier of fact might justifiably conclude that at least one of the aforesaid conditions of section 1107 of the Act of May 5, 1933, exist and that, therefore, a custodian should be appointed under section 513.1. In considering preliminary objections, the court must, of course, take the allegations of the complaint to be true. Since we conclude that a cause of action under section 513.1 of the act in question has been stated, defendant's demurrer cannot be sustained.

Since the said statute specifically provides the appointment of a custodian as a remedy for the conditions alleged by plaintiff to exist in the corporation, the objection of an "adequate remedy at law" is likewise inappropriate.

As to the alleged improper joinder of "contractual

and non-contractual causes," the court views the action as being, under the aforesaid statutory sections, an attempted assertion of any contractual claim. Similarly, the objection on the ground that plaintiff did not follow a prescribed statutory procedure is inapplicable to this case. Section 515 of the Business Corporation Act of May 5, 1933, 15 PS §1515, cited by defendant in support of its objection pertains only to the rights of dissenting shareholders to have their shares bought out in the event of certain specified corporate plans, such as in the case of a proposed merger or consolidation, but does not provide an exclusive procedure for action in the event of waste or illegal transactions, as to which section 513.1 and the present action are addressed.

Finally, both the objections as to impertinent matter and for a more specific pleading attempt to dissect the complaint on a paragraph-by-paragraph basis and show inadequacies therein. While it is true that some specific portions of the complaint may contain statements which are evidentiary or conclusory in nature, those are more properly the subject of ruling by the trial judge when the issues are framed and the evidence presented. Read as a whole, the complaint does, as above noted, set forth a cause of action under section 513.1 of the Business Corporation Law and for that purpose, and that purpose alone, it is adequate. Defendant's arguments on these objections seem to assume that plaintiff has improperly pleaded a stockholder's derivative action or a breach of contract case. The court does not so view the complaint, since neither such action is set forth nor, in the court's opinion, intended.

For the foregoing reasons, defendant's preliminary objections are dismissed and defendant shall have the right to file an answer within 20 days from the date hereof.